# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10868
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2020

Lyle W. Cayce
Clerk

KEMONE RODGERS,

      Plaintiff - Appellant

v.

323RD DISTRICT COURT TARRANT COUNTY TEXAS; JUDGE ELLEN SMITH, in her official and individual capacity; KATHRYN FRYTZ, CPS Investigator, in her official and individual capacity; TEXAS DEPARTMENT OF FAMILY & PROTECTIVE SERVICES,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-931

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Liberally construed, Kemone Rodgers appeals the district court's order striking his Fourth Amended Complaint and the district court's dismissal of his Third Amended Complaint. Rodgers's Third Amended Complaint asserted

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10868

42 U.S.C. § 1983 claims against Associate Judge Ellen Smith of the 323rd District Court of Tarrant County, Texas; the 323rd District Court itself; the Texas Department of Family and Protective Services; and one of the agency's investigators, Kathryn Frytz.  Rodgers's claims stem from a state court proceeding that resulted in the termination his parental rights.  The district court struck Rodgers's Fourth Amended Complaint because Rodgers filed it without first obtaining leave from the court or written consent from the opposing parties as required by Federal Rule of Civil Procedure 15(a)(2).  The court then granted the defendants' respective motions to dismiss, reasoning that, under the *Rooker-Feldman* Doctrine, it lacked jurisdiction over what was effectively an appeal of a state court decision.  The court further found that Judge Smith enjoyed absolute judicial immunity for her rulings in the state court proceeding, that the 323rd District Court was not a legal entity capable of being sued, that the Texas Department of Family and Protective Services enjoyed sovereign immunity, and that Rodgers had not alleged facts sufficient to overcome Frytz's qualified immunity from suit.  Seeing no error in the district court's decision, we AFFIRM.